IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                     )<br>            Plaintiff,                       )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>JOSE FARITH VARGAS-GALLEGOS, )<br>                                                     )<br>            Defendant.                    )<br>_____ ) | Case No. CR-04-257-S-EJL<br><br>**MEMORANDUM ORDER** |

The jury selection in the above-entitled matter commenced on November 10, 2005.  After the jury panel was seated, but prior to any voir dire, counsel for the Defendant made a motion to strike the panel asserting it violated his Sixth Amendment right to a trial by a jury drawn from a representative cross-section of the community.  Specifically arguing that the jury panel contained no persons of the Defendant's ethnic origin; Hispanic dissent and/or Spanish speaking.  The Court excused the jury and took up argument from counsel on the motion.  Ultimately the Court denied the motion but stated it would formalize its decision in a written order.

The Sixth Amendment and the Federal Jury Service and Selection Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861 - 78, guarantee the right to be tried by an impartial jury drawn from a representative cross section of the community.  The Supreme Court has developed a three-part test for establishing a prima facie violation of the Sixth Amendment's fair cross-section requirement:

1)       That the group alleged to be excluded is a "distinctive" group in the community;

    2)    That the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and

    3)    That this under representation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Bushyhead, 270 F.3d 905, 908 (9th Cir. 2001); Thomas v. Borg, 159 F.3d 1147, 1150 (9th Cir. 1998).  Once the Defendant makes a prima facie showing, the burden shifts to the Government to justify the infringement by demonstrating that attainment of a fair cross section is incompatible with a significant government interest.  Id.

In this case, the Defendant's objection was made solely on the basis of his visual observation that the jury pool was without persons of Hispanic or Spanish speaking dissent.  The Government argued that the defense had not made the requisite showing necessary for such a motion.  The Court finds the Defendant has failed to make the prima facie showing and denies the motion based on the following.

Although the defense has offered no evidence other than argument on any of the prongs, the Court will assume the first prong is satisfied.  As to the second prong, the Defendant has not offered anything in the way of proof regarding the numbers of Spanish speaking individuals in the Southern Division for this District from which the jury pool was drawn.  This prong requires some proof in the form of data as to "the difference between the percentage of the distinctive group in the community and the percentage of that group in the jury pool – as the appropriate measure of the representativeness of the jury pool." United States v. Rodriguez-Lara, 421 F.3d 932, 943 (9th Cir. 2005) (citations omitted).  Because no proof was offered the Court finds this prong is not satisfied.

Regardless, assuming both the first and second prongs were met, the third prong has not been shown. This prong does not require an intentional exclusion of a distinctive group but only that such exclusion was "systematic."[1]  Again, this prong requires some presentation of evidence of a systematic exclusion of the distinctive group. The defense has offered no evidence on this point. The jury plan for this District employs a computer software system for selection of prospective jurors. The computer system randomly draws names of individuals from voter registration and driver's licence records for all counties within the relevant division of the district.[2]  These names make up the master jury wheel which consists of individuals eligible for jury service who are not exempt or excused.[3]  This appears to be an appropriate way for empaneling a representative jury panel and the defense has not shown otherwise. Therefore the Court finds the third prong is also not met. Because the Defendant has not satisfied his burden of establishing the prima facie case required, the Court denies the motion.

**IT IS SO ORDERED**.

DATED:  **November 10, 2005**

_Edward J. Lodge_ (signature)

~~Honora~~ble Edward J. Lodge
U. S. District Judge

---

[1]  Were the challenge here to the Equal Protection Clause under the Fourteenth Amendment, the defense would be required to also show discriminatory intent in the jury selection process. See Thomas v. Borg, 159 F.3d 1147, 1150 (9th Cir. 1998) (citation omitted).

[2]  The system utilizes both voter registration and driver license records in order to eliminate any duplication.

[3]  The qualification for jury service are: United States citizenship; eighteen years of age; residence within the judicial district for one year; ability to read, write, and understand English; ability to speak English; mental and physical capability to render satisfactory service; and no charge pending or conviction for a crime punishable by imprisonment for more than one year. Rodriguez-Lara, 421 F.3d at 937 (citing 28 U.S.C. § 1865(b)).